**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00890-DME

UNITED STATES OF AMERICA,

   Petitioner,

v.

KEVIN SCHLEWEIS,

   Respondent.

---

## ORDER ENFORCING SUMMONS

---

This matter comes before the Court on the United States' petition to enforce a summons issued by the Internal Revenue Service ("IRS") to Respondent Kevin Schleweis. (Doc. 1.) Upon consideration of that petition, the parties' written pleadings and their argument to the Court during a hearing conducted July 12, 2011, the Court GRANTS the petition.[1]

On October 21, 2010, the IRS, acting pursuant to 26 U.S.C. § 7602(a), issued a summons to Schleweis, directing him to appear before an IRS officer "to give testimony" and "to bring for examination . . . [a]ll documents and records" Schleweis possesses or controls "about income [he] received for the years" 2004-09. (Doc. 1, ex. A.) Schleweis eventually appeared before an IRS officer, answered a few basic questions, such as his name, address, and social security number, and then declined to answer any further

---

[1] The Court gave Schleweis until noon on Thursday, July 14, 2011, to file any further written pleadings or documents. That time has expired without his filing anything further. Accordingly, this matter is ready for disposition.

questions or to produce any documents, citing his Fifth Amendment privilege against self-incrimination.  The United States thereafter filed the petition at issue here, asking the Court to enforce the summons.  This Court has jurisdiction to do so under 26 U.S.C. §§ 7402(b), 7604(a).  See also 28 U.S.C. §§ 1340, 1345.

As this Court has previously held in its show cause order, the United States has made a prima facie case for the enforcement of the summons by showing the following: 1) The IRS is using its authority here in good faith pursuit of a legitimate, congressionally authorized purpose, to make a tax return when none has been made, see 26 U.S.C. § 7602(a).  2) The inquiry the IRS is making may be relevant to that purpose.  3) The information sought is not already in the Government's possession. 4) The IRS has followed the administrative steps required by the Internal Revenue Code and the applicable regulations.  See United States v. Powell, 379 U.S. 48, 57-58 (1964). And 5) the IRS issued the summons to Schleweis before any referral to the Justice Department to prosecute him criminally.  See 26 U.S.C. § 7602(d).  Schleweis, in his written response and his argument before the Court, did not challenge the Government's prima facie case for enforcement of the summons.[2]

---

[2] Although the Court's show cause order indicated that the Court would consider only defenses to enforcement of the summons raised in Schleweis' written response, at the hearing, Schleweis raised a new argument, asserting that the summons at issue here does not have a control number on it assigned by the Director of the Office of Management and Budget, see 44 U.S.C. §§ 3502(4), 3512.  Such "arguments have long been held to be lacking in legal merit and frivolous."  Ford v. Pryor, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008).  Section 3512, which is part of the Paperwork Reduction Act, see 44 U.S.C. §§ 3501-3549, "'does not apply to the collection of information . . . during the conduct of . . . an administrative action or investigation involving an agency against specific individuals or entities,'" including proceedings such as this involving "an investigation against an individual to determine his or her tax liability."  Lonsdale v.

Both before the IRS and now before the Court, Schleweis instead asserted that, based upon his Fifth Amendment privilege against self-incrimination, he is not required to give testimony or produce the requested documents.  At the hearing before this Court, however, the parties agreed that the current record is inadequate to determine whether Schleweis properly raised his Fifth Amendment objections before the IRS; if so, what specific objections he raised; and whether the properly raised objections had merit.  The United States, therefore, requested that the Court enforce the summons so that Schleweis can appear before the IRS again, this time during a recorded proceeding.

The Court grants that request and, thus, GRANTS the United States' petition seeking enforcement of the summons (Doc. 1).  The Court, therefore, ORDERS Schleweis to appear at the IRS offices located at 56 Inverness Drive East, Englewood, Colorado, 80112-5129, on July 25, 2011, at 10:00 a.m.  The Court also ORDERS that the United States shall be responsible for obtaining a recording of this proceeding. Schleweis will also be permitted to make his own recording of the proceeding, if he chooses to do so.

The Court further ORDERS that, when he appears before the IRS, Schleweis is to comply with the October 21, 2010, summons issued by the IRS and thus to give non-privileged testimony as specified in that summons, and to produce the non-privileged documents and records required by that summons.  While Schleweis may choose to reassert his Fifth Amendment privilege against self-incrimination during that proceeding,

---

United States, 919 F.2d 1440, 14445 (10th Cir. 1990) (quoting 44 U.S.C. § 3518(c)(1)(B)(ii)).

the Court notes that Schleweis cannot assert such a privilege as to records or documents belonging to a collective entity, such as a corporation.  See Braswell v. United States, 487 U.S. 99, 103-11 (1988).

The Court will retain jurisdiction over this case should there be further need to enforce the summons.  In addition, at the hearing, the Court gave the United States ten days from the date of the hearing to file a response, if it chooses to do so, addressing the three exhibits Schleweis proffered during the hearing in support of his argument that the summons at issue here lacked an OMB number.  If the United States files a pleading addressing those three exhibits, Schleweis will be permitted ten days from the date the United States' response is filed to file a reply.

If no party files anything further with this Court on or before August 25, 2011, the Court will close this case.

Dated this ___14th___ day of _____July___, 2011.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE
DISTRICT OF COLORADO